1  LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
2  By: Bernard V. Kleinman, Esq.
3  108 Village Square
4  Suite 313
5  Somers, NY 10589-2305
6  Tel. 914.644.6660
7  Fax 914.694.1647
8  Email: *attrnylwyr@yahoo.com*
9  <u>Attorney for Plaintiffs</u>
10
11  UNITED STATES DISTRICT COURT
12  WESTERN DISTRICT OF OKLAHOMA
13  ============================ :
14  1. GOSPEL BEAMS CHURCH OF         :
15  DUNCAN, INC.,                     :
16  2. F. RAY LEDBETTER,              :
17          Plaintiffs,              :     VERIFIED COMPLAINT
18                                    :     AND
19                                    :     JURY DEMAND
20      — *versus* —                  :
21                                    :
22                                    :     25-cv-
23  1. NEW BEGINNINGS WORSHIP         :
24  CENTER OF DUNCAN, INC.,           :
25  2. EDDIE PATTERSON,               :
26  3. KRISTOFFER SCHORNICK,          :
27  4. JOSEPH WILLIAMS,               :
28  5. JANETTA HALL,                  :
29  6. TAMMY NICKELL,                 :
30  7. RELENA FEWELL,                 :
31          jointly and severally,   :
32          Defendants.              :
33  ============================     :

34      Plaintiff GOSPEL BEAMS CHURCH OF DUNCAN, INC., and F. RAY

35  LEDBETTER, by and through their attorney of record, Bernard V. Kleinman, Esq., Law

36  Offices of Bernard V. Kleinman, PLLC, an attorney duly admitted to practice law before

37  the Bar of this Court, as and for their Complaint against Defendants NEW BEGINNINGS

38  WORSHIP CENTER OF DUNCAN, INC., EDDIE PATTERSON, JOSEPH WILLIAMS,

1    JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER

2    SCHORNICK, do aver and state as follows:

3                                    **INTRODUCTION**

4    1.  This is an action for fraud, conspiracy, and other intentional tortious conduct, and for

5        violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

6        U.S.C. § 1964, *et seq.*, that arose out of the concerted actions of the named Defendants

7        in unlawfully, and with malicious intent, seizing the ministry and property of the named

8        Plaintiffs (GOSPEL BEAMS CHURCH OF DUNCAN, INC., and F. RAY

9        LEDBETTER), without lawful cause or justification.  The named Defendants utilizing

10       fraudulent documents, and other unlawful means, did surreptitiously, remove the

11       Plaintiff from his position as Pastor of the Gospel Beams Church, Incorporated, did

12       breach its contractual relationship with the Plaintiff LEDBETTER, and did seize the

13       physical property and location of the aforesaid Plaintiff CHURCH, and then did file,

14       without lawful right, both a Warranty Deed and a Quit Claim Deed, transferring the

15       ownership title in the aforesaid Plaintiff GOSPEL BEAMS CHURCH, and the *demesne*

16       attached thereto, to the named Defendant NEW BEGINNINGS WORSHIP CENTER

17       OF DUNCAN, INCORPORATED ("NEW BEGINNINGS WORSHIP CENTER").

18                                     **PARTIES**

19   2.  At all relevant and material times, herein, the named Plaintiff, F. RAY LEDBETTER

20       was a resident of the County of Stephens, City of Duncan, State of Oklahoma.  Plaintiff

21       LEDBETTER currently resides in the City of Thomas, OK, Custer County, Oklahoma.

3. At all relevant and material times, herein, the named Plaintiff, GOSPEL BEAMS CHURCH OF DUNCAN, INC., is an Oklahoma registered not for profit religious corporation, located in Duncan, Oklahoma, and does not have any known members, not citizens and residents of the State of Oklahoma.

4. At all relevant and material times, herein, the named Defendant, NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INCORPORATED, was and is a religious corporation, organized under the laws of the State of Oklahoma, operating under the name of Gospel Beams Church, Inc.

5. At all relevant and material times, herein, the named Defendant, EDDIE PATTERSON, was, and is, a resident of the County of Stephens, City of Duncan, State of Oklahoma.

6. At all relevant and material times, herein, the named Defendant, JOSEPH WILLIAMS, was, and is, a resident of the County of Stephens, City of Duncan, State of Oklahoma.

7. At all relevant and material times, herein, the named Defendant, JANETTA HALL, was, and is, a resident of the County of Stephens, City of Duncan, State of Oklahoma.

8. At all relevant and material times, herein, the named Defendant, TAMMY NICKELL, was, and is, a resident of the County of Stephens, City of Duncan, State of Oklahoma.

9. At all relevant and material times, herein, the named Defendant, RELENA FEWELL, was, and is, a resident of the County of Stephens, City of Duncan, State of Oklahoma.

**JURISDICTION & VENUE**

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 18 U.S.C. § 1962, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper as because Plaintiffs reside in the Western District of Oklahoma, and the Defendants do reside in, and do conduct business in said District.  Further, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), (c)(2) as amended by Section 311 of the Judicial Improvement Act of 1990, by reason of it being the location where all, or substantially all, of the events or omissions giving rise to the claims occurred, and where one or more, upon information and belief, of the Defendants reside or conduct business.

## BACKGROUND & UNDERLYING FACTS

12. This action arises out of the longstanding role of the Plaintiff LEDBETTER, and his family, going back more than 65 years.  It is a story of a family dedicated to the religious and Christian beliefs of the Plaintiff and his family, the Plaintiff's trusting in those with whom he dealt and knew for decades, and the actions of the Defendants, who, "in the dead of night", falsefully and with malice did remove the Plaintiff from his role as Pastor, did unlawfully transfer the titles of the Church with which the Plaintiff had been the religious and moral leader of for decades to a new corporation, and di, with malice and intent, exclude the Plaintiff from his role as Pastor and deny his entry to both the Church and property which was rightfully, and lawfully his.

13. In 1957, Curtis Ledbetter, the father of the named Plaintiff herein, and an ordained minister and Pastor, purchased the property located at 814 North E Street, Duncan, Oklahoma.

14. A total of four parcels, the vacant land totaled approximately thirteen (13) acres.

15. The estimated value of the subject property, and the appurtenances, improvements and structures thereon are in excess of $1,500,000.

16. On or about January 22d, 1958, the Plaintiff GOSPEL BEAMS CHURCH, was organized as a religious corporation, under the laws of the State of Oklahoma.

17. In or around 1958, the physical building and sanctuary for the GOSPEL BEAMS CHURCH was completed, and the named Plaintiff's father, was established as the Pastor therein.

18. In or around 1972 the named Plaintiff, herein, F. Ray Ledbetter, and his spouse, Dianna Ledbetter, were voted in, by the GOSPEL BEAMS CHURCH Board of Directors, as Associate Pastors of the GOSPEL BEAMS CHURCH.

19. In or around 1977, Curtis Ledbetter, the father of the named Plaintiff herein, assumed a role as Associate Pastor, and the Plaintiff herein, F. Ray Ledbetter, was installed as the Pastor of the GOSPEL BEAMS CHURCH.

20. With the Plaintiff as Pastor, the GOSPEL BEAMS CHURCH prospered, answering the Christian needs and beliefs of the community, and did open a Family Center, on the subject property.

21. In or around 1999, both the Plaintiff and his spouse, left their position as Pastors of the GOSPEL BEAMS CHURCH, and Leon Kimes was named as the Pastor.

22. Four years later, in 2003, the Board of Directors of the GOSPEL BEAMS CHURCH, voted in, as Senior Pastors, the Plaintiff, and his spouse, Dianna Ledbetter.

23. On or about December 5th, 2016, the Board of Directors, on behalf of the Gospel Beams
    Church (denominated as "CHURCH" in the contract), entered into a contract with the
    Plaintiff.  See <u>Attachment 1</u>.

24. Under the terms of this Contract, it was acknowledged that the Plaintiff herein was the
    "Senior Pastor and President" of the GOSPEL BEAMS CHURCH.

25. This contract contained two operative provisions:

    (a) "[u]pon retirement" of the Plaintiff LEDBETTER, or

    (b) [u]pon sale of the assets of, dissolution of, or any action taken to cause CHURCH
    to cease to exist"

the CHURCH would be obligated (a) to pay the Plaintiff the sum of $300,000, or purchase
an annuity contract, for the benefit of the Plaintiff, or his spouse (in the event of his death),
(b) deed over to the plaintiff the ten acres of land adjacent to the Church, and (c) title
transfer to two motor vehicles (a 1995 Ford van, and a 1994 Ford passenger bus).

26. Approximately one year thereafter, with the full knowledge and consent of the Board
    of Directors, and still in the capacity as Senior Pastor, the Plaintiff took a sabbatical
    from his duties.

27. At all relevant times during this sabbatical, it was understood and agreed to by all parties
    concerned, that the sabbatical was of a temporary nature, and that, at a point forward,
    the Plaintiff would resume his duties as Senior Pastor.

28. Upon taking the authorized Sabbatical, Defendant KRISTOFFER SCHORNICK, and
    his spouse Disa, were named as Interim "Associate Pastors".

29. In or around October 22, 2018, Defendant SCHORNICK, claiming the title of "President", without authority or legal right, did file a Certificate of Dissolution with the Secretary of State of the State of Oklahoma. Certificate No. 38682780002. <u>Attachment 5</u>.

30. In November 2018, the Plaintiff, and his spouse, received a letter from Defendants EDDIE PATTERSON, RELENA FEWELL, and KRISTOFFER SCHORNICK, and Peggy Franklin and Disa Schornick, informing them that the Gospel Beams Church was being dissolved, and a new corporation established, and that the Church would not honor its legal (and moral) obligations under the December 2016 Contract. See <u>Attachment 2</u>.

31. This letter from the Defendnats contained numerous mis-statements and mis-representations, all actionable as part of the RICO conspiracy, *viz*.,

    A. Both Defendant KRISTOFFER SCHORNICK, and his spouse Disa Schornick were never voted in by Plaintiff GOSPEL BEAMS CHURH as "pastors or secretary". They were only voted in as "associate pastors" on an interim basis , until such time as Plaintiff LEDBETTER returned and resumed his pastoral duties.

    B. Defendant KRISTOFFER SCHORNICK, and his spouse Disa Schornick had no authority under the corporate rules or by-laws to remove Plaintiff LEDBETTER as President of the corporation. There were no meetings, conversations, or any communications regarding this plan. While Plaintiff LEDBETTER attempted,

1    on six (6!) different occasions to meet and confer on this issue, he was always

2    rebuffed.

3    C. Contrary to the by-laws of the corporation, Plaintiff LEDBETTER was denied

4    the right to chair the meeting as President of the Plaintiff GOSPEL BEAMS

5    CHURCH.

6    32. While SCHORNICK, had stated that they would dissolve the Church, they did so

7    without permission or proper authority, fraudulently assuming certain corporate

8    positions to which they were not properly selected.  See <u>Attachment 5</u>.

9    33. All of these actions and threats were undertaken with the active participation and

10    consent of Defendant EDDIE PATTERSON, who had been installed as Lead Board

11    Member of the NEW BEGINNINGS WORSHIP CENTER.

12    34. In late May 2022, Defendant PATTERSON, who had never been a member of the

13    Gospel Beams Church, made public a statement that the Plaintiff would no longer be

14    welcome at the Church.

15    35. Defendant PATTERSON presented himself  as President of Gospel Beams Church,

16    even though it had been dissolved in 2018.

17    36. On or about May 16th, 2022, the Office of the Secretary of State of the State of

18    Oklahoma, granted a formal charter to the Gospel Beams Church, as a result of the

19    Plaintiff LEDBETTER's re-instatement.  See <u>Attachment 6</u>.

20    37. On August 5, 2022, Defendant PATTERSON, in league with Defendant SCHORNICK,

21    sought to formally dissolve the corporate entity of the Gospel Beams Church.; this

22    being done now for the fourth time. See <u>Attachment 3</u>.

38. Filing a fraudulent document, in which he claimed falsely to be the "President" of the Gospel Beams Church, PATTERSON, filed the formal corporate dissolution documents with the Oklahoma Secretary of State.

39. This false and fraudulent document was attested to by Defendants JOSEPH WILLIAMS, JANETTA HALL and TAMMY NICKELL.  See Attachment 3.

40. The filing of this fraudulent document, occurring on August 5, 2022, falls within the statutory limitation period, pursuant to *Agency Holding Corp. v. Malley-Duff Assocs., Inc.,* 483 U.S. 143, 156-57 (1987).  See Attachment 3.

41. Based upon and relying therefrom, the Secretary of State of the State of Oklahoma did issue a Certificate of Dissolution of the Gospel Beams Church.

42. Plaintiff, seeking to assert his lawful right as the Pastor and as President of the Gospel Beams Church, on December 1, 2023, at a meeting of the Board of Directors of the Gospel Beams Church, with Board Members present of Jon Ledbetter, Cari Hjany, Joel Ledbetter, and Lisa Anderson participating, and Corporate Officers Plaintiff LEDBETTER, as President, Dianna Ledbetter, as Vice President, and Disa Newton, as Secretary, held a meeting after having been informed by the corporation's attorney, that Defendant PATTERSON had fraudulently dissolved the Plaintiff GOSPEL BEAMS CHURCH formally revoked the dissolution of PATTERSON committed on or about August 5, 2022.  See Attachment 3.

43. Thereafter, the named Defendants PATTERSON, *et al.*, did file with the Secretary of State of the State of Oklahoma, on December 5, 2023, a Change of Designation of

Registered Agent for the Gospel Beams Church, from that of the Plaintiff LEDBETTER, to that of Defendant PATTERSON.  See <u>Attachment 7</u>.

44. Continuing in their fraudulent and unethical cations, and, without lawful authority, Defendants filed a "Official Notice of Dissolution" with the Oklahoma Secretary of State, on or about December 6th, 2023.  <u>Attachment 8</u>.

45. On December 28th, 2023, Plaintiff LEDBETTER filed a Certificate of Revocation of Dissolution with the Secretary of State of Oklahoma.  <u>Attachment 9</u>.  Upon information and belief, this Certificate is still in full force and effect.

46. Based and premised upon said action, the Plaintiff attempted to assert his lawful rights to both the Church, its property, and past moneys due, plus all other benefits that had been unlawfully denied to him as Pastor and President of Gospel Beams Church.

47. On February 27, 2024, a letter was sent to Defendant NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INCORPORATED, demanding that the unlawful occupation of then premises be vacated on or before March 31, 2024.

48. On April 30, 2024, a "Notice to Vacate" was sent to Defendants PATTERSON, NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INCORPORATED, and other parties.

49. Notwithstanding these actions of the lawful Board of Directors, on May 6, 2024, Defendants PATTERSON and WILLIAMS, and Defendant NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INCORPORATED, did cause to be issued and filed a fraudulent Quit Claim Deed, and a fraudulent Warranty Deed, transferring title, for the aforementioned real property and buildings and appurtenances thereto, from the

title in the name of the Gospel Beams Church, Inc., to that of the Defendant NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INCORPORATED. See Attachment 4. See ¶ 45, *supra*, Attachment 9.

50. To this date, and on a continuing basis, the named Defendants have operated as an enterprise, with then purpose of depriving the named Plaintiff of his lawful rights, and in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, *et seq.*, and various Oklahoma criminal and penal statutes. Plaintiff has been denied entry into the lawful premises, and upon the grounds of the Gospel Beams Church, and has been denied his lawful position and title as both Pastor and President of the Gospel Beams Church, and has been denied his lawful benefits under the terms of the contract as executed on December 5, 2016.

51. Plaintiff has been further damaged in his business and professional reputation in the religious community, and in the community in which he lives: Duncan, Oklahoma — a small town of less than 25,000 people.

## **CAUSE OF ACTION FIRST —Violations of 18 U.S.C. § 1962(c)**

52. Plaintiffs incorporate by reference ¶¶ 1 thru 51, as if set forth herein.

53. 18 USC § 1964(c) provides a private right of action to any person whose business or property is injured by reason of a violation of the activities prohibited by 18 U.S.C. § 1962.

54. To establish a RICO claim, plaintiff must show: (1) violation of 18 U.S.C. § 1962; (2) injury to business or property; and (3) the injury was caused by the violation of § 1962.

1    To establish such a violation, plaintiff must show (1) conduct (2) of an enterprise (3)

2    through a pattern (4) of racketeering activity.

3    55. The Plaintiffs restate and reallege each of the allegations contained in paragraphs 1

4    through 48, above, as if the same were set forth fully herein.

5    56. Pursuant to 18 U.S.C. § 1961(4), an "enterprise" is any "group of individuals associated

6    in fact although not a legal entity," for a common purpose of engaging in a course of

7    conduct, proved by evidence of an ongoing organization, formal or informal, whereby

8    the various associates function as a continuing unit. A collection of RICO "persons"

9    may, together, make up a RICO enterprise, where persons conducted or participated in

10    the enterprise's affairs, not just their own affairs.

11    57. Under 18 U.S.C. § 1961(1)(A), "racketeering activity" means any act or threat

12    involving mail and or wire fraud chargeable under State law and punishable by

13    imprisonment for more than one year.  This includes Okla. Stat. tit. 21 § 463, "Offering

14    a false instrument for recording", *viz*.,

15    Any person who knowingly procures or offers any false or forged instrument
16    to be filed, registered, or recorded in any public office within this state, which
17    instrument, if genuine, might be filed or registered or recorded under any law
18    of this state or of the United States, shall be guilty of felony.

19    58. Under 18 U.S.C. § 1961(5), a "pattern of racketeering activity" means "at least two acts

20    of racketeering activity" within a ten-year period.

21    59. The "enterprise" here is the association in fact of numerous individuals and entities,

22    including, but not limited to, Defendants PATTERSON, SCHORNICK, WILLIAMS,

23    HALL, FEWELL, and NICKELLL, along with Defendant NEW BEGINNINGS

WORSHIP CENTER OF DUNCAN, INC., all of whom banded together to perpetrate the fraud of filing the false Deeds and Property transfer documents with the Secretary of State of the State of Oklahoma, and the filing of false deeds and recordings with the County Clerk for Stephens County, State of Oklahoma.

60. Oklahoma Stat. tit. 21 § 463 is defined as a felony, which punishable by more than one year imprisonment. Okla. Stat. tit. 21 § 9.

61. The facts set forth therein satisfy the heightened pleading standards of Rule 9(b),

> We have held that, to adequately plead mail and wire fraud under Rule 9(b), Plaintiffs must allege "the time, place and contents of the false representations, the identity of the party making the false statements, and the consequences" of the false representations. . . . Put differently, a complaint stating the "who, what, where, when, and how" of the alleged fraud gives a defendant the requisite level of notice required under Rule 9(b).

*Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023).

62. As set forth in this Complaint, Defendants, jointly and as a racketeering enterprise, did file the false deed transferring title on May 6, 2024; did file the fraudulent Certificate of Dissolution of the Gospel Beams Church, Inc., on August 5, 2022; said documents were signed by Defendant PATTERSON  the deed transfer on May 6, 2024), and Defendants PATTERSON, SCHORNICK, WILLIAMS, HALL, FEWELL and NICKELL (Certificate of Dissolution dated August 5, 2022); did file said fraudulent documents with the State and local authorities, and did utilize the U.S. mails and electronic and telephonic communications in the course of preparing and executing said documents. See Attachment 3.

63. This includes Okla. Stat. tit. 21 § 1635, Altering or falsifying corporate papers, *viz.*,

> Any director, officer, agent or member of any corporation or joint stock association, who, with intent to defraud, destroys, alters, mutilates or falsifies any of the books, papers, writings or securities belonging to such corporation or association, or makes or concurs in making any false entry, or omits or concurs in omitting to make any material entry in any book of accounts, or other record or document kept by such corporation or association, shall be guilty of a felony.

64. Defendants jointly and as part and parcel of the racketeering enterprise, did falsify the corporate records of the Gospel Beams Church, Inc., in the transfer of title to the subject property (see Attachment 4), and in the filing of a Certificate of Dissolution of the subject entity.  See Attachments 3 and 8.

65. Further, the named Defendants did engage in an unlawful conspiracy, as that is defined and punishable under Oklahoma law, Okla. State. tit. 21 § 421(A)(1), (A)(4), which is punishable as a felony.  Okla. State. tit. 21 § 421(B).

66. And, in the course of such conduct did utilize and make use of the U.S. mails, and other electronic communication devices.

67. The lifetime role and avocation of the Plaintiff as an ordained Pastor and as the spiritual leadership, which he inherited from his father, of the Gospel Beams Church, due to the predicate acts of the Defendants acting in a racketeering conspiracy, has caused severe and permanent damage to his business and professional reputation.

68. As a direct and proximate result of the RICO Defendants' conduct and participation in the enterprises' racketeering activity, including its predicate acts, Mr. Ledbetter has been injured by reason of the violations of 18 U.S.C. § 1962(c). The RICO Defendants' violations of 18 U.S.C. § 1962(c), have caused economic injuries to Mr. Ledbetter's

1  business, property, and professional reputation as a minister and pastor, as well as other

2  injuries and damages to be proven at trial.

3  69. WHEREFORE, Plaintiff demands judgment in his favor and against the named

4  Defendants, as follows:

5  (1) Awarding actual damages as will be determined at trial;

6  (2) Awarding treble damages, attorney fees, interest and other relief provided by

7  statute;

8  **CAUSE OF ACTION SECOND —Violations of 18 U.S.C. § 1962(d)**

9  70. Plaintiffs repeat and incorporate herein by reference ¶¶ 1 thru 69 above as if fully set

10  forth at length herein.

11  71. Plaintiffs are a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

12  72. At all times relevant to this complaint, NEW BEGINNINGS WORSHIP CENTER OF

13  DUNCAN, INC., along with Defendants EDDIE PATTERSON, JOSEPH

14  WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and

15  KRISTOFFER SCHORNICK, constituted an association-in-fact enterprise within the

16  meaning of 18 U.S.C. §§ 1961(4) and 1962(c).

17  73. Alternatively, the NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC.

18  itself constitutes such an "enterprise" enterprise within the meaning of 18 U.S.C. §§

19  1961(4) and 1962(c).

20  74. During all relevant times, the enterprise was engaged in, and its activities were affected

21  by, interstate and/or foreign commerce.

75. In violation of 18 U.S.C. § 1962(c) NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., along with Defendants EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER SCHORNICK, conducted and/or participated in the conduct of the enterprise's affairs, directly or indirectly, through a pattern of racketeering activity.

76. The NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., along with Defendants EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER SCHORNICK, and others, participated in the operation and management of the enterprise by providing and facilitating the unlawful transfer of title to real property, as set forth above, and engaged in the unlawful dissolving of the Gospel Beams Church, Incorporated.

77. The pattern of racketeering activity consisted of the commission of the numerous acts necessary to effectuate these unlawful transactions, all in violation of the criminal statutes of the State of Oklahoma, and by the commission of mail and/or wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

78. As a direct and proximate cause of defendants' actions of mail fraud, wire fraud and obstruction, and their violations of 18 U.S.C. § 1962(c), Plaintiff LEDBETTER has been and continues to be injured in his business, property, and professional reputation within the meaning of 18 U.S.C. § 1964(c) in an amount to be determined at trial. Such injuries include, but are not limited to, irreparable harm to his professional reputation, the cost and fees associated with this litigation, and lost business and money.

79. As a direct and proximate cause of defendants' actions of mail fraud, wire fraud and obstruction, and their violations of 18 U.S.C. § 1962(c), Plaintiff GOSPEL BEAMS CHURCH OF DUNCAN has been and continues to be injured in his business, property, and professional reputation within the meaning of 18 U.S. C. § 1964( c) in an amount to be determined at trial. Such injuries include, but are not limited to, irreparable harm to his professional reputation, the cost and fees associated with this litigation, and lost business and money.

80. Pursuant to 18 U.S.C. § 1964(c) Plaintiffs are entitled to recover threefold damages, plus costs and attorneys' fees from Defendants, both jointly and severally.

**CAUSE OF ACTION THIRD —Violations of Oklahoma RICO Statute, <u>Okla. Stat. tit. 22 § 1403(B), (C)</u>**

81. Plaintiffs repeat and incorporate herein by reference ¶¶ 1 thru 80 above as if fully set forth at length herein.

82. Okla. Stat. tit. 22 § 1403, is the Oklahoma Racketeer Influenced and Corrupt Organizations Act.

83. The relevant portion of the statute provides as follows,

> A. No person employed by or associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of racketeering activity or the collection of an unlawful debt.
> B. No person, through a pattern of racketeering activity or through the collection of an unlawful debt, shall acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.
> C. No person who has received any proceeds derived, directly or indirectly, from a pattern of racketeering activity, or through the collection of any unlawful debt, in which the person participated as a principal, shall use or invest, directly or indirectly, any part of the proceeds or any proceeds derived from the investment or use of any of those proceeds in the acquisition of any

right, title, or interest in real property or in the establishment or operation of
any enterprise.
* * *
Added by Laws 1988, c. 131, § 3, eff. Nov. 1, 1988. Amended by Laws 2010,
c. 456, § 6, eff. Nov. 1, 2010.

84. Violation of the statute is a felony, punishable by more than a year in prison. Okla.
Stat. tit. 22, § 1404(A).

85. Under the statute:

a. The concerted actions of the Defendants constitute an "enterprise", as defined by the
statute (§ 1404(2));

b. Plaintiff LEDBETTER is an "innocent party" (§ 1404(3));

c. Plaintiff GOSPEL BEAMS CHURCH OF DUNCAN is an "innocent party" (§
1404(3));

d. The actions of the Defendants constitute a "pattern of racketeering activity" (§
1404(5)(a), (b)(1)-(b)(3));

e. The value of the property unlawfully seized was in excess of the "pecuniary value"
under the statute (§ 1404(6));

f. Plaintiffs LEDBETTER and GOSPEL BEAMS CHURCH OF DUNCAN are a
"person" as defined under the statute (§ 1404(7));

g. Property seized included both the real property of the church as set forth above, plus
the contents of the Church, including motor vehicles, and other personalty of the Gospel
Beams Church (§ 1404(8));

h. The individuals are jointly and severally "principals" as part of the State RICO
conspiracy §1404(9));

i. The "racketeering activity" engaged in by the named Defendants included that set forth in the statute (§ 1404(10)(t)); and

j. The Defendants, in filing the fraudulent deed, unlawfully seized the "real property" of the Plaintiff (§1404(11)).

86. There is no doubt that the actions of the named Defendants, NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER SCHORNICK, clearly come within the ambit of this statute.

87. The named Defendants engaged in a racketeering enterprise, and did conspire and combine to (a) unlawfully transfer the title to the buildings, appurtenances, improvements and real property of the Gospel Beams Church, Inc.

88. This was done through the denial of entry and participation by the Plaintiff and the lawful members of the Board of Directors of the Gospel Beams Church.

89. The same is true of the Defendants' joint action in dissolving the Gospel Beams Church Inc.

90. Both of the aforementioned actions, as set forth above, were done in knowing violation of the penal statutes of the State of Oklahoma.

## **CAUSE OF ACTION FOURTH —RICO CONSPIRACY**

91. The Plaintiffs restate and reallege each of the allegations contained in paragraphs 1 thru 90, above, as if the same were set forth fully herein.

92. At all relevant times Plaintiffs were a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

93. At all relevant times Defendants NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER SCHORNICK and other unnamed co-conspirators were each "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(d).

94. At all relevant times Defendants and the un-named co-conspirators formed an association-in-fact for the purpose of defrauding Plaintiffs. This association-in-fact was an enterprise within the meaning of 18 U.S.C. § 1961(4).

95. At all relevant times, the enterprise was engaged in, and its activities affected, interstate and foreign commerce, within the meaning of 18 U.S.C. § 1962(c).

96. As set forth in COUNTS ONE and TWO, Defendants NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER SCHORNICK and other co-conspirators associated with the enterprise, conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) in violation of 18 U.S.C. § 1962(c).

97. At all relevant times, Defendants NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RELENA FEWELL, and KRISTOFFER SCHORNICK and other co-conspirators each were associated with the enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c), and agreed to conduct and participate, directly or

1    indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering

2    activity in violation of 18 U.S.C. § 1962(d).

3    98. Defendants NEW BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., EDDIE

4    PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL,

5    RELENA FEWELL, and KRISTOFFER SCHORNICK and other co-conspirators,

6    committed and caused to be committed a series of overt acts in furtherance of the

7    conspiracy and to affect the objects thereof, including but not limited to the acts set

8    forth above.

9    99. As a result of Defendants NEW BEGINNINGS WORSHIP CENTER OF DUNCAN,

10    INC., EDDIE PATTERSON, JOSEPH WILLIAMS, JANETTA HALL, TAMMY

11    NICKELL, and KRISTOFFER SCHORNICK and the other co-conspirators violations

12    of 18 U.S.C. § 1962(d) defendants are liable to Plaintiffs for losses to business or

13    property in an amount to be determined at trial. Such injuries include, but are not limited

14    to, irreparable harm to his professional reputation, the cost and fees associated with

15    avoiding criminal indictment, and lost business and money.

16    100.    Pursuant to 18 U.S.C. § 1964(c) Plaintiffs are entitled to recover threefold his

17    damages, plus costs and attorneys' fees from Defendants.

18    **CAUSE OF ACTION FIFTH —Breach of Contract (as to Plaintiff LEDBETTER)**

19    101.    The Plaintiff LEDBETTER restates and realleges each of the allegations contained

20    in paragraphs 1 thru 100, above, as if the same were set forth fully herein.

102.    On or about December 5th, 2016, the Board of Directors, on behalf of the Gospel Beams Church (denominated as "CHURCH" in the contract), entered into a contract with the Plaintiff.  See Attachment 1.

103.    The Terms of this contract are set forth in Attachment 1, and in ¶¶ 24-26.

104.    On or about November 01, 2018, Defendants EDDIE PATTERSON, RELENA FEWELL, and KRISTOFFER SCHORNICK, and Peggy Franklin and Disa Schornick, informing them that the Gospel Beams Church was being dissolved, and a new corporation established, and that the Church would not honor its legal (and moral) obligations under the December 2016 Contract.  See Attachment 2.  See discussion *supra*, at ¶¶ 30, 31, incorporated by reference herein.

105.    The explanation contained no claims of bad faith or breach by the Plaintiff., and provided no basis for such termination of contractual rights.

106.    While there is a five (5) year statute if limitations for breach of contract actions (Okla State tit. 12, § 95(A)(1)), it does not, minimally accrue, under the continuous-accrual doctrine (*Express Serv., Inc. v. King*, 2017 U.S. Dist. LEXIS 139721 at *21-*22 (W.D. Okla. 2017)), until such time as the breach has occurred, and the harmed party is aware of said breach.  See *Morgan v. State Farm Mutual Automobile Ins. Co.*, 488 P.3d 743 (2021).

107.    At the same time as the Defendants notified the Plaintiff that they would not perform under the contract, they dissolved the Church.  See Attachment 5.  See also Okla. Stat. tit. 12, § 101, providing for acknowledgement of contractual promise made.

108.   On August 5, 2022, Defendant PATTERSON, in league with Defendant SCHORNICK, sought to formally dissolve the corporate entity of the Gospel Beams Church.; this being done now for the fourth time.  See *supra*, ¶¶ 36 thru 39.  See Attachment 3.

109.   Filing a fraudulent document, in which he claimed falsely to be the "President" of the Gospel Beams Church, PATTERSON, filed the formal corporate dissolution documents with the Oklahoma Secretary of State.

110.   This false and fraudulent document was attested to by Defendants JOSEPH WILLIAMS, JANETTA HALL and TAMMY NICKELL.  See Attachment 3.

111.   The filing of this fraudulent document, occurring on August 5, 2022, falls within the statutory limitation period, pursuant to the continuing duty to perform doctrine.  See *Chickasaw Telephone Co. v. Southwestern Bell Mobile Sys*., 113 F.3d 1245 (10th Cir. 1997*)*.  See Attachment 3.

112.   Pursuant to the terms of the Contract "Upon the retirement of [LEDBETTER], CHURCH shall pay [LEDBETTER] as retirement benefits, the sum of $2,500.00 per month, each month, for the life of [LEDBETTER] . . ."  See Attachment 1.

113.   Defendants have made no such payments, and continue to fail to make any such payments, each monthly failure to pay such "retirement" benefits, being a breach of said contract.

114.   As such, Plaintiff LEDBETTER demands such payment (coming to a period of more than eighty-three months, or $207,500) judgment pursuant to the terms of the aforesaid contract, with interest, at the statutory rate thereon, from 01 November 2018.

**CAUSE OF ACTION SIXTH — BREACH OF FIDUCIARY DUTY (as to Plaintiff LEDBETTER)**

115.    Plaintiff LEDBETTER restates and realleges each of the allegations contained in paragraphs 1 thru 114, above, as if the same were set forth fully herein.

116.    A fiduciary relationship exists whenever trust and confidence are reasonably placed by one person in the integrity and loyalty of another, and the other person knowingly accepts that trust and confidence and then undertakes to act on behalf of the person. *Adoptions to the 2008 Revisions to Okla. Jury Instructions Civil*, 2008 Okla. 93 (Okla. Oct. 14, 2008).

117.    "The applicable statute of limitations for a breach of a fiduciary duty or duties which are *ex contractu*, that is, arise from a written contract, such as the duties allegedly breached herein, is five years as provided in Okla. Stat. tit. 12, § 95 (10) . . ." *Marshall v. AFGE*, 996 F. Supp. 1334, 1341-42 (W.D. Okla. 1998).

118.    While there is a five (5) year statute of limitations for breach of contract actions (Okla State tit. 12, § 95(A)(1)), it does not, minimally accrue, under the continuous-accrual doctrine (*Express Serv., Inc. v. King*, 2017 U.S. Dist. LEXIS 139721 at *21-*22 (W.D. Okla. 2017)), until such time as the breach has occurred, and the harmed party is aware of said breach.  See *Morgan v. State Farm Mutual Automobile Ins. Co.*, 488 P.3d 743 (2021).

119.    On or about November 01, 2018, Defendants EDDIE PATTERSON, RELENA FEWELL, and KRISTOFFER SCHORNICK, and Peggy Franklin and Disa Schornick, informing them that the Gospel Beams Church was being dissolved, and a new

1  corporation established, and that the Church would not honor its legal (and moral)

2  obligations under the December 2016 Contract.  See Attachment 2.  See discussion

3  *supra*, at ¶¶ 30, 31, incorporated by reference herein.

4  120.    Pursuant to the terms of the separation agreement,

5  Upon sale of the assests [*sic*] of, the dissolution of, or any action taken to
6  cause CHURCH to cease to exist, CHURCH shall pay PASTOR the sum of
7  $300,000.00 ,or purchase an annuity policy for the benefit of PASTOR or his
8  spouse, Dianna D. Ledbetter, or his survivors, issued by and accredited life
9  and or annuity [*sic*] company guaranteeing the payment of $2500.00 per
10  month for 120 months.
11  In addition, 10 acres of land, east of CHURCH, from "F." street to "K."
12  street, north of Fir[st] street, Duncan, Oklahoma shall be included in this
13  retirement agreemet [*sic*].
14  In addition, a 1995, Ford van, VIN# - 1FBJS31Y8SHB62388 ALSO, a 1994
15  Ford 24 passenger bus VIN# 1FDKE3069PHBI3493

16  Attachment 1.

17  121.    None of these promises, actions or benefits have occurred, at all.

18  122.    As such, Plaintiff LEDBETTER demands specific performance of said terms of the

19  contract, including, but not limited to, the payment, in the amount of $300,000.00 (with

20  interest thereon at the statutory rate), the transfer of the aforementioned ten acres of

21  property, and the transfer of title to the subject motor vehicles, as referenced therein.

22  ### *AD DAMNUM* CLAUSE & PRAYER FOR RELIEF

23  WHEREFORE, Plaintiffs demand judgment in his favor and against Defendants NEW

24  BEGINNINGS WORSHIP CENTER OF DUNCAN, INC., EDDIE PATTERSON,

25  JOSEPH WILLIAMS, JANETTA HALL, TAMMY NICKELL, RALENA FEWELL, and

26  KRISTOFFER SCHORNICK as follows:

(1) Awarding actual damages, on CAUSES OF ACTION FIRST through FIFTH, in an amount to be determined at trial;

(2) Awarding treble damages, attorney fees, interest and other relief provided by statute;

(3) An Order of specific performance of the contract as set forth in CAUSE OF ACTION FIFTH and SIXTH;

(4) An Order declaring null and void, *ab initio*, the transfer of deed title as set forth in Attachment 4;

(5) An Order declaring null and void, *ab initio*, the Dissolution off the Gospel Beams Church, Incorporated, as set forth in Attachment 3;

(6) Pre-judgment and post-judgment interest, at the statutory rate of interest compounded annually (Okla. Stat. tit. 12, § 727.1);

(7) Payment of the "retirement" amount due under the Contract (Attachment 1) in the accrued amount of $207,500.00, plus interest thereon, from 01 November 2018, to the present;

(8) Payment in the amount of $300,000.00 amount due under the Contract (See Attachment 1) plus interest thereon, from 01 November 2018, to the present; and

(9) Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues.  F.R.Civ.P. Rule 38.

Plaintiff By his Attorney:
LAW OFFICE OF BERNARD V.
KLEINMAN, PLLC

By /s/ *Bernard V. Kleinman*

1
2          Bernard V. Kleinman, Esq.
3          Bar No. 1380989
4          108 Village Square
5          Suite 313
6          Somers, NY 10589-2305
7          Tel. 914.644.6660
8          Fax 914.694.1647
9          Email: *attrnylwyr@yahoo.com*

Dated: September 11, 2025

VERIFICATION

STATE OF OKLAHOMA}
COUNTY OF _____Custer_____ }         s.s.:

F. Ray Ledbetter, of lawful age and being first duly sworn upon oath, states: I am one of the Plaintiffs above named. I have read the COMPLAINT and state that all statements contained therein are true and correct according to my best information and belief, and have so informed my Counsel herein.

_____
F. Ray Ledbetter

Subscribed and Sworn to this 11th day of September 2025, by F. Ray Ledbetter, the Plaintiff named herein.

_____
Notary Public, State of Oklahoma